# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TYLER S. PHILLIPS,

    Plaintiff,

v.                                                                                           No. 23-cv-105-DHU-KBM

FNU GALLEGOS,
CURRY COUNTY DETENTION
CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court following Plaintiff Tyler S. Phillips' failure to file an amended complaint as directed. Plaintiff is proceeding *pro se*, and the Complaint is based on events that occurred while he was in custody at the Curry County Detention Center, the Roosevelt County Detention Center, and Bailey County Detention Center respectively. (Doc. 1 at 3). In his Civil Rights Complaint, filed January 13, 2023. (Doc. 1) (the "Complaint"), sought to state a § 1983 claim for false imprisonment because he was wrongfully held in jail for approximately two months more than authorized by his three-month sentence. (Doc. 1 at 2).

Specifically, Plaintiff alleged that he was sentenced to serve a three-month sentence in the Curry County Detention Center. (Doc. 1 at 2). Under the terms of the sentence, he should have been released on June 4, 2015. (Doc. 1 at 3). One week before he should have been released, he was transferred to Bailey County Detention Center ("Bailey"). (Doc. 1 at 2). It is unclear how long he was held there. From Bailey, Plaintiff was transferred to Roosevelt County Detention Center ("Roosevelt"), where he was held for two months without appearing before a judge. (Doc. 1 at 2).

From Roosevelt, he was transferred back to Curry County Detention Center, from which he was finally released on August 3, 2015. (Doc. 1 at 2). Based on the foregoing, Plaintiff raised a claim of false imprisonment against Curry County Detention Center and FNU Lieutenant Gallegos, an employee of Roosevelt County. (Doc. 1 at 1).

The Court liberally construed the Complaint and, by a Memorandum Opinion and Order entered December 15, 2023, determined it failed to state a cognizable claim. (Doc. 4) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). The Court dismissed Plaintiff's claims against Curry County Detention Center because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). In the § 1983 context, "suing a detention facility is the equivalent of attempting to sue a building." *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commr's*, 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017). The Court explained that if Plaintiff intended to pursue claims against the jail, the proper defendant would be the Board of County Commissioners of the County of Curry. *See Mayfield v. Pres Hosp. Admin.*, No. CV 17-00398 JCH/KRS, 2021 WL 3772214, at *3 (D.N.M. Aug. 25, 2021) ("MDC is an agency of Bernalillo County, not a municipal agency[.]"); NMSA 1978 § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,"). To facilitate Plaintiff's ability to amend, the Court set out the legal standards governing claims against a county. (Doc. 4 at 3-4).

The Court dismissed Plaintiff's claims against Lieutenant Gallegos, individually, because Plaintiff failed to allege facts showing what Gallegos did to Plaintiff in violation of his Constitutional rights. (Doc. 4 at 5).

Additionally, the Court held that Plaintiff's claims failed on substantive grounds. The Court explained that to state a viable § 1983 false imprisonment claim, a plaintiff "must demonstrate the elements of a common law claim and show that [his] Fourth Amendment right to be free from unreasonable search and seizure has been violated." *McGarry v. Bd. of Cnty. Comm'rs for Cnty. of Lincoln*, 294 F. Supp. 3d 1170, 1195 (D.N.M. 2018) (quoting *Trimble v. Park Cty, Bd. of Comm'rs*, 2000 WL 1773239, at *3 (10th Cir. 2000) (unpublished)). Under New Mexico common law, false imprisonment is defined as "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). "A defendant possessed of a good faith and reasonable belief in the lawfulness of the action is not liable for false imprisonment[.]" *Id.* Therefore, to state a claim for false imprisonment under § 1983, a plaintiff must allege facts showing that "a government official acted with deliberate or reckless intent to falsely imprison the plaintiff." *Romero v. Fay*, 45 F.3d 1472, 1480 (10th Cir. 1995). The allegations in Plaintiff's Complaint did not satisfy the foregoing standards.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint within thirty days. Plaintiff was warned that the failure to timely file an amended complaint could result in the dismissal of this case with prejudice. The amendment deadline expired on January 15, 2024. Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling. The Court will therefore dismiss this action

with prejudice pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff Tyler Phillips' Civil Rights, filed January 13, 2023 (**Doc. 1**) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE